(No. 79-CC-0793-

RICHARD G. BROWN, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 8, 1979.*

PER CURIAM.

This is a claim for $20.00 per pay period for 17 pay periods arising out of certain changes in the pay plan to bring the pay plan in line with certain collective bargaining agreements entered into between the State and employee representatives. The change in question granted employees $20.00 per pay period for all employees who were on the payroll as of June 30, 1978, with the pay to be retroactive to July 1, 1977, for àny pay periods worked during that period of time. Mr. Brown commenced his employment with the Department of Labor on July 18, 1977, until March 20, 1978, at which date he commenced his employment with the Illinois Environmental Protection Agency where he was employed on the June 30, 1978, qualifying date. The Environmental Protection Agency paid Mr. Brown $140.00 for the seven pay periods for which he qualified while in their employ. The seven pay periods included the last pay period in March as well as two pay periods each in April, May and June. Having received the pay for the second pay period in March from the Environmental Protection Agency Mr. Brown is not entitled to that pay period from the Department of Labor. He is, therefore, entitled to only 16 pay periods as opposed to the 17 for which he made claim.

Except for the fact that Mr. Brown was employed by the State of Illinois on June 30, 1978, the issues raised in this case are identical to those in the case of *John J. Beard v. State of Illinois*, 78-CC-1585. In the *Beard*

case this Court considered the statutory prohibitions against retroactive back pay and concluded that they did not apply to the current situation inasmuch as the legislature through their actions had mooted out the question by acquiescing in the actions of the director of personnel and ratifying the actions of the agencies and the director of personnel in paying these claims by expressing a legislative intent through the passage of legislation providing the funds for the payment of these claims.

It is, therefore, ordered that Mr. Brown be awarded the sum of $320.00 subject to the customary added benefits for retirement or F.I.C.A. and the customary and legal deductions and withholdings for retirement, F.I.C.A. and income tax.